■ In the Matter of WAUSAU INSURANCE COMPANY, Appellant, v THADDEUS OGOCHUKWU, Respondent, and U-HAUL CO. OF EAST BAY, Proposed Respondent, et al., Proposed Respondents. [744 NYS2d 175] —Order, Supreme Court, New York County (William Wetzel, J.), entered May 2, 2001, which denied petitioner insurer's application to stay an uninsured motorist arbitration demanded by respondent insured, unanimously affirmed, with costs.

No issues of fact exist as to whether the offending vehicle, a U-Haul truck, was insured at the time of the accident. The only evidence tending to show the existence of insurance is the police accident report, which indicates that the U-Haul was owned by proposed additional respondent U-Haul Co. of East Bay and insured by proposed additional respondent Empire Fire & Marine Insurance Co. Empire, appearing in opposition to so much of the application as sought to join it as an additional respondent, submitted the affidavit of its Vice-President of Underwriting stating that Empire does not write policies for personal automobile insurance, and that Republic Western Insurance Co. is the insurer for all U-Haul vehicles. Republic, appearing on behalf of proposed additional respondent U-Haul Co. of East Bay, submitted the affidavits of one of its claims representatives and a professional investigator stating that U-Haul does not own, operate or lease any vehicles with the California license plate number identified in the petition as that of the offending vehicle, never leased a vehicle to the person identified in the petition as the driver of the offending vehicle, had correspondence addressed to such person returned as undeliverable, and was unable to contact such person after visiting and interviewing persons at the address identified in the police accident report as that of the offending driver. Respondent, for his part, submitted evidence that the California Department of Motor Vehicles could not provide insurance information for the vehicle in question. Petitioner's claim that the license plate number on the police accident report could have been misread is improperly raised for the

first time on appeal, and, in any event, upon review of the report, lacks merit. Concur—Williams, P.J., Nardelli, Saxe, Sullivan and Friedman, JJ.